[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11113

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ILEANA RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20453-AMC-2

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Ileana Rodriguez, proceeding *pro se*, appeals the district court's denial of her *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) (First Step Act). She asserts she established extraordinary and compelling reasons for compassionate release based on her medical conditions of Type 2 diabetes and abnormal pap smear results as well as her time spent in solitary confinement. She also contends her time-served is sufficient punishment for her crimes, she must be released from prison to obtain adequate medical care, and her sentence is disparate from her codefendant's sentence. The Government responds by moving for summary affirmance of the district court's order and to stay the briefing schedule, arguing Rodriguez failed to show her medical conditions rose to the level of extraordinary and compelling and that solitary confinement was not a sufficient reason to grant compassionate release.

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.) *cert. denied*, 142 S. Ct. 583 (2021). As amended by § 603(b) of the First Step Act, § 3582(c) now provides, in relevant part, that:

the court, upon motion of the Director of the Bureau of Prisons [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The application notes to U.S.S.G. § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) her age, (C) her family circumstances, and (D) other reasons. *Id.*, comment. n.1(A)–(D). In *Bryant*, we held § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)," including those filed by defendants. 996 F.3d at 1262. Likewise, we held that, following the enactment of the First Step Act, § 1B1.13 continued to constrain a district court's ability to evaluate whether extraordinary and compelling reasons were present and that Application Note 1(D) did not grant

discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence. *Id.* at 1248.

The Government is entitled to summary affirmance of the district court's denial of Rodriguez's § 3582(c)(2) motion because its position is clearly correct as a matter of law. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[1] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). First, as to Rodriguez's reliance on her medical conditions as extraordinary and compelling reasons, she has not shown the district court abused its discretion when it found that neither condition was a terminal illness, nor did they diminish her ability to provide self-care while incarcerated. U.S.S.G. § 1B1.13, comment n.1(A) (providing the defendant's medical condition qualifies as an extraordinary and compelling reason for compassionate release if she is "suffering from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover"). Rodriguez's medical records show her Type 2 diabetes and hypertension are "well

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

22-11113                Opinion of the Court                5

controlled," and she is receiving ongoing pharmaceutical intervention to manage both conditions. Regarding her neuropathy, her medical records show she refused medication to manage her condition. Rodriguez also received three doses of the COVID-19 vaccine, which undermines her claims that she is at risk of severe illness from COVID-19. Finally, regarding her abnormal pap smear results, her medical records show she underwent a colposcopy, and biopsies were taken, but the results were normal. Thus, Rodriguez did not establish any of her medical conditions substantially diminish her ability to provide self-care in prison, or that they are terminal illnesses from which she is not expected to recover. *Id.* To the extent Rodriguez relies on "other reasons" as listed in § 1B1.13 to support her motion for compassionate release, such as her time in solitary confinement, her arguments are foreclosed by *Bryant*. *See Bryant*, 996 F.3d at 1248.

The district court did not abuse its discretion[2] when it denied Rodriguez's motion for compassionate release because Rodriguez did not establish her medical conditions were terminal illnesses or diminished her ability to provide self-care while incarcerated. Likewise, Rodriguez could not establish extraordinary and compelling reasons based on her conditions of confinement.[3]

---

[2] We review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion under an abuse of discretion standard. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

[3] We need not reach the issue of whether the district court abused its discretion when it denied Rodriguez's motion for compassionate release based on

Accordingly, because the Government's position is clearly correct as a matter of law, we GRANT the Government's motion for summary affirmance and DENY its motion to stay the briefing schedule as moot per 11th Cir. R. 31-1(c).  *Groendyke Transp., Inc.*, 406 F.2d at 1162.  Rodriguez's motion for release to home confinement is DENIED AS MOOT.

**AFFIRMED.**

---

the § 3553(a) factors because its finding she failed to establish an extraordinary and compelling reason for compassionate release was sufficient to preclude relief. *See United States v. Tinker*, 14 F.4th 1234, 1237, 1240 (11th Cir. 2021) (stating the absence of any one of the necessary conditions—support in the 18 U.S.C. § 3553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement—forecloses a sentence reduction, and nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order).